# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEON SHAWN ALLEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-cv-1936** |
| **STATE OF LOUISIANA, ET AL** | **SECTION: M (1)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Leon Shawn Allen filed the above-captioned matter in this Court naming the State of Louisiana, the City of Edgard, St. John the Baptist Parish, and St. John Parish Sheriffs as defendants. Because he has failed to allege any facts that could plausibly support a claim for relief, IT IS RECOMMENDED that this lawsuit be DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

### Background

Mr. Allen filed this lawsuit on August 2, 2024. He invokes the U.S. Constitution as a basis for jurisdiction and alleges summarily that the defendants have violated his constitutional rights. His complaint is devoid of any factual allegations. On the Civil Cover Sheet, he checked the boxes for "Personal Injury-Product Liability," "Other Civil Rights," "Civil Detainee-Conditions of Confinement," "Freedom of Information Act," and "Constitutionality of State Statutes."

When Mr. Allen filed his Complaint, he also filed a motion for leave to proceed in forma pauperis. On August 6, 2024, the Court granted him leave to proceed in forma pauperis, but ordered that summons be withheld and that Mr. Allen show cause by Wednesday, September 4, 2024, why this case should not be summarily dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Mr. Allen has not responded to the Court's order.

Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

Plaintiff names four defendants. Yet his complaint contains not a single factual allegation implicating any one of them. It is impossible to determine nature of his claims. Without any facts alleged, plaintiff cannot state a claim that is plausible on its face. Accordingly,

IT IS RECOMMENDED that this lawsuit be DISMISSED for failure to state a claim.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 23rd day of September, 2024.

_____
Janis van Meerveld
United States Magistrate Judge